UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
04-10148-RCL

UNITED STATES OF AMERICA

v.

SHAWN SANDLER

# MEMORANDUM AND ORDER ON GOVERNMENT'S MOTION FOR DETENTION

November 4, 2004

DEIN, M.J.

## I. GOVERNMENT'S MOTION FOR DETENTION

The defendant was charged in a criminal complaint, now in an indictment, with two counts of arson, in violation of 18 U.S.C. §§ 844(i) and 2.  An initial appearance was held on April 1, 2004, at which time the defendant was represented by counsel.  The government moved for a detention hearing on the grounds that the defendant is a danger to the community under 18 U.S.C. §§ 3142(f)(1)(A) and (f)(1)(D), and poses a serious risk of flight in accordance with 18 U.S.C. § 3142(f)(2)(A).

A probable cause and detention hearing was held on April 6, 2004 at which time the defendant was represented by counsel.  At the hearing the parties requested a continuance and the matter was rescheduled for April 13, 2004.  At the hearing on April 13, 2004, the defendant, through counsel, waived his right to a probable cause and

detention hearing at that time, and consented to an order of detention, which was entered on that date.

At a status conference held on October 13, 2004 the defendant, through counsel, requested a hearing on the government's motion for detention.  A hearing was held on October 28, 2004 at which time Special Agent Thomas Perret testified on behalf of the government.  The defendant requested that he be released to a drug treatment program and Pre-trial Services was asked to inquire as to potential placements for the defendant.  By a report dated November 2, 2004 from Pre-trial Services the court was informed that the defendant cannot be admitted to any residential substance abuse program in light of the pending charges of arson.  Thus, the only drug treatment programs available would be out-patient programs.

For the reasons detailed herein, this court concludes that there are no conditions which will reasonably assure the appearance of the defendant as required, and the safety of the community.  The court, therefore, orders that the defendant be detained prior to trial.

## II.  THE BAIL REFORM ACT

A.     Under the provisions of 18 U.S.C. § 3142 ("The Bail Reform Act"), the judicial officer shall order that, pending trial, the defendant either be (1) released on his or her own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation or exclusion; or (4) detained.  See 18 U.S.C. § 3142(a).

Under § 3142(e), a defendant may be ordered detained pending trial if the judicial officer finds by clear and convincing evidence after a detention hearing "that no condition or combination of conditions (set forth under § 3142(b) or (c)) will reasonably assure the safety of any other person or the community . . . ," or if the judicial officer finds by a preponderance of the evidence after a detention hearing "that no condition or combination of conditions will reasonably assure the appearance of the person as required . . . ."  See United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991).

    B.    The government is entitled to move for detention on grounds of danger to the community in a case that –

    (1)    involves a crime of violence within the meaning of 18 U.S.C. § 3156(a)(4);

    (2)    involves an offense punishable by death or life imprisonment;

    (3)    involves an offense proscribed by the Controlled Substances Act or the Controlled Substances Import and Export Act for which the punishment authorized is imprisonment for ten years[1] or more; or

    (4)    involves any felony alleged to have been committed after the defendant has been convicted of two or more crimes of violence, or of a crime, the punishment for which is death or life imprisonment, or a ten year [or more] offense under the Controlled Substances Act or the Controlled Substances Import and Export Act.

---

[1] The maximum penalty is that provided by the statute defining and/or providing the punishment for the substantive offense – not the sentence, or even the maximum sentence, which might otherwise be imposed under the federal Sentencing Guidelines.  See United States v. Moss, 887 F.2d 33, 336-37 (1st Cir. 1989).

-3-

Additionally, the government or the court <u>sua sponte</u> may move for, or set, a detention hearing where there is a serious risk that the defendant will flee, or where there is a serious risk of obstruction of justice or threats to potential witnesses. <u>See</u> 18 U.S.C. § 3142(f).

C.  In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, or whether pretrial detention is warranted, the judicial officer must take into account and weigh information concerning --

> (a)  the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (b)  the weight of the evidence against the accused;
>
> (c)  the history and characteristics of the person, including --
>
>> (i)  the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (ii)  whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and
>
> (d)  the nature and seriousness of the danger to any other person or the community that would be posed by the person's release.

<u>See</u> 18 U.S.C. § 3142(g).

D.  Additionally, in making the determination, the judicial officer must consider two rebuttable presumptions, to wit:

<u>First</u>, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person or the community if the judicial officer finds (1) that the defendant has been convicted of a federal crime of violence within the meaning of § 3156(a)(4) [or a state crime of violence within the meaning of § 3156(a)(4) if the offense would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed], a federal offense for which the maximum sentence is life imprisonment or death, a federal offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act -- <u>e.g.</u>, possession of cocaine, heroin, or more than 1000 pounds of marijuana, with intent to distribute, the Controlled Substances Import and Export Act, <u>or</u> any felony after the person has been convicted of two or more prior offenses as described immediately above, or two or more state or local offenses that would have been offenses described immediately above if circumstances giving rise to federal jurisdiction had existed; (2) that prior offense was committed while the person was on release pending trial; and (3) not more than five years has elapsed since the date of conviction for that prior offense, or his or her release for that prior offense, whichever is later.  <u>See</u> 18 U.S.C. § 3142(e).

<u>Second</u>, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act or

the Controlled Substances Import and Export Act or an offense under the provisions of 18 U.S.C. § 924(c) – i.e., use of or carrying a firearm during the commission of a federal offense which is a felony.  See 18 U.S.C. § 3142(e).

Insofar as the latter "presumption" is applicable in assessing "risk of flight," the burden remains with the government to establish "that no condition or combination of conditions will reasonably assure the appearance of the person as required . . . ."  In striking the proper balance, this court must bear in mind Congress' findings that major drug offenders, as a class, pose a special danger of flight.  The burden then rests on the defendant to come forward with "some evidence" indicating that these general findings are not applicable to him for whatever reason advanced.  United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991).  This "only imposes a burden of production on a defendant.  The burden of persuasion remains with the government."  United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987) (per curiam); see also United States v. Perez-Franco, 839 F.2d 867, 869-70 (1st Cir. 1988).  Even when a defendant produces "some evidence" in rebuttal, however, the presumption does not disappear.  Rather, it retains some evidentiary weight, the amount of which will depend on how closely the defendant's case "resembles the congressional paradigm" and other relevant factors.  Palmer-Contreras, 835 F.2d at 17-18; Dillon, 938 F.2d at 1416.  See United States v. Jessup, 757 F.2d 378, 387 (1st Cir. 1985).

### III.  DISCUSSION OF WHETHER DETENTION IS WARRANTED

"Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular

defendant." U.S. v. Tortora, 922 F.2d 880, 888 (1st Cir. 1990), and cases cited.  Based on the record before me, I find that there are no conditions which may be imposed which will reasonably insure the safety of the community or the defendant's presence at trial.

### A. The Offense Charged And Weight Of The Evidence

The defendant is charged with two counts of arson. While there is no physical evidence linking Sandler to the fires, there is considerable testimonial and circumstantial evidence to support the claim that he committed the arsons as charged.

As detailed in the affidavit submitted in connection with the criminal complaint, on June 12, 2003 and June 19, 2003, there were fires at the business known as Slaton's Furniture Store in Chelsea which were intentionally set. As a result, the owner decided to retire and sell the business. Between December 6, 2002 and July 23, 2002 the business known as Doug's Bargain Store in Chelsea suffered five separate attempted or actual fires caused by arson.

An individual known as Robert Torro provided information about the fires. Specifically, Torro told law enforcement officials that the defendant Sandler had admitted setting the fires on behalf of a Chelsea business owner, Todd Leccese. Sandler has admitted to persons investigating the fires that Leccese approached him about setting the fires, but has denied agreeing to actually set the fires. Sandler also told a fellow inmate that he had set several fires in Chelsea for a business owner trying to eliminate his competition, and in various conversations Sandler has evidenced considerable knowledge about the details of the fires. Leccese has stated that he paid the defendant to set the fires. Sandler has also made statements to the effect that he would flee to either Florida or Alaska if released.

### B.  History And Characteristics Of The Defendant

The defendant, age 39, was born in Revere and is a life-long resident of Massachusetts.  He is single and the father of one child.  He completed 9th grade in Rockland High School, and received his GED in 1984.  He has a sporadic work history in construction, seemingly working for friends.

Sandler has a very troubled family history, and has spent time in various foster homes.  His mother died recently and he does not have contact with his father or step father.  He has two brothers in Massachusetts and a sister in Alaska.

The defendant has been using drugs since age 12 or 13.  He has been using heroin since 1987.  He has never participated in any formal treatment, but has expressed a strong interest in receiving treatment.  Pre-trial Services originally opined that "a residential placement would give him the skills and opportunity to develop a recovery network in a safe environment," but does not recommend outpatient treatment at this time.

The defendant has an extensive criminal record, including a juvenile record which includes a violent crime.  As an adult he has been charged with being a disorderly person (1983), use of a motor vehicle without authority (1984), and intimidation (1986), which cases were continued and dismissed after the payment of costs.  He was found guilty in 1987 of possession of a Class A controlled substance, conspiracy to violate the Controlled Substance Act, and possession of a Class D controlled substance, for which he was sentenced to two years of incarceration.  In 1988, he was convicted of distribution of a Class A controlled substance and committed

for two years. In 1989, he was convicted of possession of a Class D controlled substance and committed for 45 days.

Beginning in 1990, the defendant was charged with various violent crimes, including assault and battery with a dangerous weapon, breaking and entering in the daytime with intent to commit a felony, armed robbery and possession of burglarious tools, among other charges. His record is replete with defaults as well as a charge of being a fugitive from justice, which was eventually dismissed. In 1996, he was sentenced to 4-6 years at MCI Cedar Junction for the crimes of breaking and entering, assault and battery, assault and battery with a dangerous weapon and two counts of armed robbery.

In 2002, the defendant served time on charges of possession of a Class D controlled substance and carrying a dangerous weapon. He was also charged with being a fugitive from justice, a charge which was dismissed.

The defendant also has a criminal record in the state of Florida for crimes allegedly committed in 1985 and 1992, although they were all dismissed. In 1993, the defendant was sentenced to probation on charges of assault, reckless endangerment and weapons offenses.

### C.  Danger To The Community

The government has met its burden of proof, by clear and convincing evidence, that there are no conditions or combination of conditions of release which will reasonably assure the safety of other persons and the community. The defendant has an extensive record of drug-related and violent crimes, and is facing charges of arson.

Despite an extensive history with the criminal justice system, including periods of incarceration, the defendant does not appear able to control his behavior. He does not have any stable employment or residence, and does not appear to have any legitimate sources of significant income. Thus, the danger to the community is high.

### D. Risk Of Flight

I also find that the record evidence before this court warrants a conclusion that no condition or combination of conditions -- short of pretrial detention -- would reasonably assure the appearance of the defendant. The prospect of a significant jail sentence provides a clear and unequivocal impetus to flee, and the defendant's record is replete with defaults and charges of being a fugitive. The defendant has ties in other states, and has indicated a willingness to flee to Florida or Alaska. He has no stable sources of employment or residence in Massachusetts. Under such circumstances, the risk of flight is high.

### IV. ORDER OF DETENTION

IT IS ACCORDINGLY ORDERED that the defendant remain DETAINED pending trial, and it is further Ordered --

(1)   That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)   That the defendant be afforded a reasonable opportunity for private consultation with counsel; and

(3) On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

          / s / Judith Gail Dein
          Judith Gail Dein
          United States Magistrate Judge