FILED
CLERKS OFFICE

**FEDERAL DEFENDER OFFICE**
DISTRICT OF MASSACHUSETTS
408 ATLANTIC AVENUE, 3RD FLOOR
BOSTON, MASSACHUSETTS 02110

'05 MAR 29 P 4:31

U.S. DISTRICT COURT
DISTRICT OF MASS.

TELEPHONE: 617-223-8061
FAX: 617-223-8080

March 29, 2005

Donald Cabell
Assistant U.S. Attorney
U.S. Attorney's Office
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA  02210

      Re:  United States v. Shawn Sandler
           <u>Criminal No. 04-10148-RCL</u>

Dear Don:

    I am writing to request the following additional discovery, which I consider to be either exculpatory and/or material to the preparation of the defense in this case:

    1) any information tending to indicate that someone other than Mr. Sandler set or attempted to set the fires described in the indictment, including but not limited to any tips regarding other suspects and the results of any investigation into those other suspects;

    2) any information regarding other, uncharged crimes committed by Todd Leccese, including, but not limited to, his involvement in other arsons or attempted arsons; and

    3) any information implicating someone other than Mr. Sandler in other Chelsea fires that were set or attempted to be set between April 3, 2001 and July 24, 2003, and the results of any investigation into that information.

Information implicating someone else in the crimes with which Mr. Sandler is charged is exculpatory evidence. Even if government investigators have concluded that the information was unsubstantiated, defense counsel should have an opportunity to investigate that information and determine whether it should be presented to a jury, in order to cast reasonable doubt on the government's theory of this case.

With respect to the information sought regarding Mr. Leccese, I note that the complaint in this case states that "at least eleven attempted or actual fires" occurred at four businesses within two blocks of Leccese's store during a 27 month period after he opened his store at 320 Broadway. Leccese's plea agreement calls for him to plead guilty to a three-count information (which has not yet been provided to me). Presumably Leccese has been asked about the other fires. Information he has provided regarding those fires may be exculpatory because it identifies other potential suspects in the fires charged in this indictment. In addition, any crimes for which Leccese is not being prosecuted provide evidence of pro-government bias on Leccese's part. Please note that I also am requesting a copy of the information to which Leccese is expected to plead guilty.

Finally, I believe that I am entitled to information regarding the suspected culprits in other, related fires or attempted arsons because the arsons and attempted arsons appear to be part of a course of conduct on the part of Leccese and others. Such evidence may tend to indicate that the "torch" or "torches" in the other fires also was the "torch" in the fires alleged in this indictment.

Please call me if you have any questions.

Sincerely,

Miriam Conrad

MC:bab

cc: **Clerk of Court**