UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10148-RCL |
| ) | |
| SHAWN SANDLER ) | |

<u>MOTION TO SUPPRESS STATEMENTS</u>

Defendant, Shawn Sandler, respectfully moves that this Court suppress any statements allegedly made by him on April 1, 2004.

As grounds for this motion, undersigned counsel states:

1. Mr. Sandler was not read his rights under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

2. Mr. Sandler did not waive his rights under <u>Miranda</u>.

3. Mr. Sandler was interrogated after invoking his right to counsel under <u>Edwards v. Arizona</u>, 451 U.S. 477 (1981). He did not waive his right to counsel.

STATEMENT OF FACTS

On April 1, 2004, Mr. Sandler was brought to the federal courthouse for his initial appearance on the complaint. Affidavit of Defendant, attached hereto as Exhibit A.

Upon his arrival, Mr. Sandler was escorted to an attorney interview room. <u>Id</u>. Two ATF agents, at least one of whom had come to see him twice at the Essex County House of Correction, entered the attorney's side of the interview room. <u>Id</u>. Mr.

Sandler immediately told them that he would not answer any questions without an attorney.  Id.

The agents told Mr. Sandler that they only would ask him for personal identifying information.  Id. Mr. Sandler provided the requested information.  Id.  Agent Perret then told Mr. Sandler, "You're going to take all the heat.  You know you can get 30 years.  Why don't you help us?"  Id.

The ATF report regarding this encounter confirms that Sandler asked for a lawyer.  It makes no mention of Mr. Sandler being read his Miranda rights, or waiving them.  The report acknowledges that the agents, having told Sandler they only wished to obtain biographical information, "advised Sandler that when he had an attorney . . . the agents and federal prosecutor would want to discuss with he and his attorney the possibility of his cooperation.  Additionally, the Agents explained to Sandler the procedure he could expect that day, the charge against him and the potential penalty."  ATF report dated 4/7/04 (emphasis added), attached hereto as Exhibit B.

ARGUMENT

I.  THE AGENTS INTERROGATED MR. SANDLER WHILE HE WAS IN CUSTODY.

The protections of Miranda v. Arizona and its progeny apply to suspects subjected to custodial interrogation.  There can be no dispute that Mr. Sandler was in custody on April 1.  The issue, then, is whether he was interrogated.  "The term

"interrogation" under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response." Rhode Island v. Innis, 446 U.S. 291, 301 (1980).  While the Innis Court concluded that a discussion between two officers regarding the threat to public safety posed by a discarded firearm, it noted that the comments were "no more than a few offhand remarks" and did not appear to be designed to elicit a comment from the defendant.  Id. at 303 & n.9.  The same cannot be said of the agents' direct query to the defendant here, asking why he wouldn't help them.

This case presents facts quite similar to those held to require suppression (and reversal) in United States v. Ortiz, 177 F.3d 108 (1st Cir. 1999).  In that case, "the uncontroverted evidence shows that after Ortiz had asserted his right to counsel to the first officer, the other officers not only delivered a second and third set of Miranda warnings, but then immediately proceeded to ask Ortiz whether he wanted to cooperate. The officers thus reinitiated interrogation in violation of Edwards." Id. at 110.

II.  THE AGENTS VIOLATED SANDLER'S RIGHTS UNDER <u>MIRANDA</u> AND <u>EDWARDS.</u>

As in <u>Ortiz</u>, Sandler unequivocally asserted his right to a lawyer.  While the government argued unsuccessfully in <u>Ortiz</u> that the defendant in that case reinitiated a discussion with the agents, no such claim can be made here.

Once a defendant has asserted his right to a lawyer, the police may not interrogate him further.  Here, the discussion of cooperation – and the direct query as to why Sandler would not help the agents – constituted interrogation in violation of Sandler's rights under <u>Miranda</u> and <u>Edwards</u>.

Unlike Ortiz, Sandler never was read his <u>Miranda</u> rights, nor did he waive them.  This fact alone requires suppression, where the agents' questions regarding possible cooperation were reasonably likely to elicit an incriminating response.

As in <u>Ortiz</u>, Sandler unequivocally invoked his right to counsel at the outset of the encounter.  The agents persisted, asserting that they would only ask him for biographical information.  By raising the subject of cooperation, they violated his right to have counsel present during interrogation. "[W]hen an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to

-4-

further police-initiated custodial interrogation even if he has been advised of his rights." Edwards, 451 U.S. at 484.

REQUEST FOR EVIDENTIARY HEARING

Defendant requests an evidentiary hearing on this motion.

> SHAWN SANDLER
> By his attorney,
>
> /s/Miriam Conrad
>
> Miriam Conrad
>    B.B.O. # 550223
> Federal Defender Office
> 408 Atlantic Ave., 3rd Floor
> Boston, MA  02110
> Tel: 617-223-8061

May 3, 2005