UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10148-RCL |
| | ) | |
| SHAWN SANDLER | ) | |

MOTION FOR DISCOVERY

    Defendant, Shawn Sandler, respectfully moves that this Court order that the government produce the following discovery forthwith:

1) any information tending to indicate that someone other than Mr. Sandler set or attempted to set the fires described in the indictment including, but not limited to, any tips regarding other suspects and the results of any investigation into those other suspects;

2) any information regarding other, uncharged crimes committed by Todd Leccese, including, but not limited to, his involvement in other fires or attempted fires at Chelsea businesses; and

3) any information, within the possession, custody, or control of the government[1] implicating someone other than Mr. Sandler in any fires that were set or attempted

---

[1] As used throughout this motion, the "government" includes all state and local and federal police, investigative and prosecutorial agencies involved in any way in the investigation and prosecution of this case and the Bureau of Prisons. Kyles v. Whitley, 514 U.S. 419 (1995) ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); United States v. Osorio, 929 F.2d 753, 762 (1st Cir. 1991) ("[T]he prosecutor is duty bound to demand compliance with disclosure responsibilities by all relevant dimensions of the government"); United States v. Brooks, 966 F.2d 1500, 1503 (D.C. Cir. 1992) (federal prosecutor had authority to search for exculpatory evidence in Washington, D.C. Metropolitan Police Department's homicide and internal affairs file).

at businesses on Broadway in Chelsea between April 3, 2001 and July 24, 2003, and the results of any investigation into that information.

As grounds for this motion, undersigned counsel states as follows.

Mr. Sandler is charged in a two-count indictment with setting, or attempting to set, fires in Chelsea on July 19, 2003 and July 23, 2003. These fires are among eleven attempted or actual fires set during a 27-month period on Broadway in Chelsea. Mr. Leccese, the owner of a store on Broadway in Chelsea, has pleaded guilty to arson in connection with three of those fires: the two identified in the indictment brought against Mr. Sandler, and one that occurred on December 30, 2001 at Doug's Jewelry Store, at 411 Broadway in Chelsea. The government has disclosed that Leccese will be a witness against Sandler. His plea agreement contains a cooperation provision.

The government has responded to undersigned counsel's first discovery request by stating that it "is not presently aware of any information tending to indicating that someone other than the defendant set or attempted to set" the charged fires. Letter from Donald Cabell, dated April 14, 2005. The letter does not indicate whether "the government" refers to government counsel, or whether inquiry has been made of investigating agents, including the Chelsea police and the state Fire Marshal. Undersigned counsel submits that this response is inadequate, especially since it fails to indicate whether government counsel will make such an inquiry and whether he will disclose any information that may later be discovered with respect to this request.

With respect to the second request, government counsel's letter states only that the government "will disclose information regarding uncharged crimes committed by Todd Leccese <u>of which the government is aware</u>." Letter dated April 14, 2005 (emphasis added). The

complaint in this case states that Leccese "is the only household goods/furniture store owner in the Broadway area whose store did not suffer a fire." Complaint, ¶ 12. It appears, therefore, that Leccese was suspected of involvement in all 11 of the fires. Undersigned counsel submits that information regarding uncharged crimes by Leccese should be disclosed forthwith, as the government's decision not to charge Leccese with other crimes is a promise, reward, or inducement for Leccese's cooperation in this case. The government's response does not indicate when such information will be disclosed, nor does it indicate what steps government counsel will take to <u>become</u> aware of such information.

      Regarding the third request, defendant submits that all eleven fires occurred in the same area, in similar businesses, and, apparently, are ones in which Leccese was suspected of having a role. They constitute a pattern.. A suspect in one fire therefore may well display a modus operandi and motive that makes that person a potential suspect in the other fires. Furthermore, it appears that other suspects may be co-conspirators with Leccese, who might have a motive to protect them. Presumably Leccese has been asked about the other fires. Information he has provided regarding those fires may be exculpatory because it identifies other potential suspects in the fires charged in this indictment. Even if government investigators were unable to substantiate information regarding other suspects, defense counsel should have an opportunity to investigate that information and determine whether it should be presented to a jury, in order to cast reasonable doubt on the government's theory of this case.

<u>Certification Under Local Rule 116.3(F)</u>

Undersigned counsel, Miriam Conrad, certifies that she has conferred with opposing counsel in a good faith attempt to eliminate or narrow the issues raised in this motion.

SHAWN SANDLER
By his attorney,

/s/Miriam Conrad

Miriam Conrad
  B.B.O. # 550223
Federal Defender Office
408 Atlantic Ave., 3rd Floor
Boston, MA  02110
Tel: 617-223-8061

May 3, 2005