```
 1
 2                    *  *  *  *  *  *  *  *  *  *
 3              THE COURT:  The process of sentence must be an
 4   individual process.  I am, as I say, concerned about the
 5   difference in the treatment between Mr. Leccese and
 6   Mr. Sandler, but there is a difference between them as
 7   individuals, as Mr. Cabell has pointed out.  I don't know very
 8   much about Mr. Leccese's case, but I have before me Mr. Sandler
 9   who has a substantial criminal history, what Mr. Cabell calls a
10   true career offender.  Sixteen juvenile adjudications, juvenile
11   adult convictions, including convictions for violent crimes
12   including breaking and entering, assault with a dangerous
13   weapon.  I looked through the criminal history and I see that
14   it might be the longest sentence ever imposed is two years
15   committed, I'm not sure, but something like that.
16              This offense was committed within a short period
17   after Mr. Sandler's release from another sentence.  His history
18   does not give me comfort that he will be easily be deterred
19   from crime in the future except with a long sentence.  And so
20   ten years is a long sentence.  What's the difference between
21   ten years and 12 and a half years?  And I make the
22   determination, actually, frankly, after listening to Mr. Rugo,
23   because I have a better picture of this offense.  This is an
24   offense, as I heard Mr. Rugo say, committed where there were a
25   number of especially vulnerable victims who were put in
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1   danger.  And I can't ignore that or can't think that that
 2   requires serious consideration and may provide the answer
 3   between ten years and 12 and a half years.
 4              Then I consider the what I am going to call --
 5   well, I don't want to characterize it, but the additional
 6   factor that Mr. Sandler made Mr. Rugo twice a victim.  I think
 7   there's a certain sociopathy in that that is not relieved by
 8   the fact that Mr. Sandler had a terrible childhood.  He did,
 9   and I do not overlook that, and I do not put aside the fact
10   that he had an undiagnosed and untreated condition; but there
11   is something especially dastardly about the constellation
12   surrounding this offense, including the specially vulnerable
13   victims for which there is no necessary adjustment.  The
14   probation department talked about putting firefighters at risk
15   and first responders, but the people who lived in those
16   apartments were especially vulnerable.  And then the second
17   effort, the collecting money from Mr. Rugo, who was trying to
18   figure out what happened to him and how it happened.
19              So I'm not going to grant any departure.  I'm going
20   to sentence Mr. Sandler in accordance with the guidelines,
21   because I think the guidelines provide a reasonable range.
22              The break I am going to give Mr. Sandler is that I
23   am going to sentence him at the low end, because I think an
24   argument can be made that a sentence higher than the low end
25   can be appropriate under the circumstances of this offense.
```

PDF created with pdfFactory trial version www.pdffactory.com

```
1         So in recognition of the problems of his childhood
2    and his undiagnosed mental condition, I will sentence him at
3    the low end of the guidelines.
4                     *  *  *  *  *  *  *  *  *
```

PDF created with pdfFactory trial version www.pdffactory.com